*Chicago, July,* 1886.

---

## CLARK *v.* WILSON.

*(Circuit Court, S. D. New York.  July 13, 1886.)*

1. PATENTS FOR INVENTIONS—EXPIRATION—ADAPTATION OF FOREIGN PATENT—WHEN IT WILL EXPIRE — CLARK'S PATENT FOR IMPROVEMENT IN CORRUGATED IRON SHUTTERS.

    A patent which is a mere adaptation of a foreign patent expires in this country at the same time with the foreign patent, (16 St. at Large, 270; Rev. St. § 4887;) and patent No. 137,596, dated April 8, 1873, for an improvement in corrugated iron shutters by applying soft material thereon to deaden sound, is amenable to this rule.

2. SAME—IMPROVEMENT TO TAKE PATENT OUT OF OPERATION OF THE STATUTE.

    Clark's patent, No. 137.596, dated April 8, 1873, for an improvement in corrugated metallic iron shutters by the application of soft material to deaden sound, is an adaptation of a foreign patent, and a slight modification therein, whereby such soft material is fastened at intervals, instead of at the ends only, is not such an improvement as to take the patent out of the operation of 16 St. at Large, 270, (Rev. St. § 4887,) which limits its exclusive enjoyment by the American patentee to the time limited by the patentee abroad.

In Equity.

*Andrew J. Todd,* for plaintiff.

*Francis Forbes,* for defendant.

WHEELER, J.   The plaintiff's patent No. 137,595, dated April 8, 1873, is for an improvement in corrugated metallic rolling shutters, to deaden or prevent noise in raising or lowering them by applying to them strips of soft or pliant material, fastened when applied in the width, to the top of the shutter at one end, and to the bottom at the other, and also at any intermediate points, as required, so as to coil up with the shutter, and form a cushion between the coils.   It was preceded by an English patent, No. 1,322, dated May 2, 1872, which

would run 14 years from that date, which described the same devices, except as to fastening the strips of soft or pliant material at intermediate points, as required. The claims of the two patents are the same, so far as they are now in question, and are each for the application to corrugated metal shutters of one or more strips or lengths of soft and pliant material, disposed in such manner as to act as a cushion between the coils of the shutters, substantially as and for the purpose described. The patent was granted under the act of 1870, by section 25 of which, if the invention or discovery is patented in a foreign country, the patent in this country is to expire at the same time with the foreign patent. 16 St. at Large, 270; Rev. St. § 4887.

The question on this provision of the statutes is whether the invention patented in this patent is the same as that patented in the English patent. The only thing added is the fastening of the strips, before fastened at the ends, at such intermediate points as should be required. This was such an obvious thing to do, to avoid their "rucking up," which the inventor testifies would prevent the operation of the device, as not to appear to amount to any real invention by itself. The substance of the invention consisted in providing the strips to be coiled in between the corrugations of the shutter, and when these had been contrived with fastenings at each end, such further intermediate fastenings as might be required would come from the skill of the mechanic rather than from the genius of the inventor. This was a mere incident to the principal invention, instead of being any substantial invention by itself, and appears to have been so understood by the inventor, from the alternative manner in which he mentioned it in the specification, and the identity of the claims; and, if these fastenings had been made a material element in the device of the American patent, it would narrow the patent, and bring it within the scope of the English patent, instead of making it for a different invention. What would infringe the American patent would infringe the English patent, and what would infringe that was made free to the public by the expiration of that and the corresponding American patent.

These considerations make it unnecessary to consider the effect of the certificate of addition to the French patent, which preceded the American patent, and expired, according to the provisions of the French law, at the same time as the prior English patent.

As the patent expired before this motion for a preliminary injunction was made, the motion must be denied.